Opinion of the court by
Judge Owsley.
This was a scire facias brought in the name of the commonwealth, upon a recognizance, alledged to have been acknowledged before two justices of the peace for Boone county, by the appellants, and a certain Richard Steers, conditioned for the appearance of said Steers at the next term of the Boone circuit court to answer a charge of felony, which was depending against him.
The scire facias was executed upon the appellants, and as to Richard Steers returned not found.
The appellants appeared, and after pleading nul tiel record, withdrew their plea and moved the court to quash the recognizance. The motion was overruled, and the opinion of the court excepted to; but the recognizance was not made part of the bill of exceptions, or in any way made to compose part of the proceedings in the scire facias otherwise than as it is therein recited.
The appellants then again pleaded nul tiel record, and issue being taken thereto, the court decided against the pica. Exceptions were again taken to the opinion of the court, but no part of the evidence upon which the court decided the issue, was refered to or made part of the record.
The cause as to Richard Steers, upon whom the scire facias was not executed, was then continued, and judgment entered against the appellants, “that the Commonwealth recover against them the sum of seventy-five dollars and her cost, &c."
From that judgment tho appellants appealed.
Various errors are assigned, and such of them as are deemed worthy of particular notice, will be attended to in the order they occur in the assignments by the appellants.
For this court to revise a decision on the plea of nul liel record, the evidence on which the trial was had must be stated in a bill of exceptions, and the record set out, otherwise it will not be a part of the case.
On the trial of a scire facias the defendant moved the court to quash the recognizance and executed to the decision of the court against him, but did not make the recognizance part thereof—Held this court could not look into a recognizance copied in the record, nor on this motion decide on that recited in the scire facias.
Demurrer to the scire facias as is the proper course in such case.
It is first contended, that the court erred in not giving judgment for the appellants on the pica of nul tiel record.
To this we would barely remark, that as the evidence upon which the court decided the issue upon that plea, is not made part of the record in this case, we must presume the court to have decided correctly. Without being made so by bill of exceptions, the record alluded to in the scire facias forms no part of the record in this case, and in reviewing the decision of the court upon the plea of nul tiel record, we are not at liberty to travel out of the record before us, or presume that such a record as that recited in the scire facias, was not produced in evidence to the court.
It is secondly objected, that the court erred in overruling the motion of the appellants to quash the recognizance.
Were we, in giving an answer to this objection, to decide upon the validity of the recognisance, we should be driven to the necessity of travelling out of the record of the case under consideration. The recognizance, as already remarked, is not referred to by the bill of exceptions, and though copied with other papers by the clerk, cannot he treated as part of the record in this case. It is true the scire facias contains the recital of a recognizance upon which it is founded, but we do not understand the motion of the appellants to have been intended to obtain the opinion of the court upon the goodness of such a recognizance as that recited, but to obtain a decision of the court quashing a recognizance which composes no part of the scire facias, or the record thereof.
If it had been designed to obtain the opinion of the court upon the sufficiency of the recognizance recited, to maintain the scire facias, the regular mode to obtain the object would have been to demur to the scire facias, and the court might, with great propriety; have overruled any attempt to obtain an opinion by motion. But such we understand not to have been the object of the motion; the design of *130 the motion was, by travelling out of the record, to procure a decision quashing the recognizance not properly before the court, and as such the motion was most clearly and properly overruled.
It is not necessary for a recognizance for the appearance of one charged with felony, to state the species of the crime.
In a scire facias on a recognizance by several, bound each for several distinct sums, the cause may be continued as to part and, judgment rendered against the others-not so in debt.
Lest in this, however, we may be mistaken, we would remark, that were we at liberty to look into the recognizance copied by the clerk, we should have no hesitation in pronouncing it a good one. It does not, it is true, describe the particular felony with which Richard Steers stood charged, and to answer which, the recognizance bound him to appeal at the next term of the Boone circuit court; but in the form required by the Act of the Legislature, it describes the charge for which he was recognized to appear, in general terms, to be a felony, and a more precise description should not be required.
It is, thirdly, objected, that the court erred in giving judgment against the appellants after having continued the cause as to Richard Steers.
The scire facias is a joint one against Richard Steers and the appellants, and the objection goes upon the idea, that in a joint scire facias against two or more, there can be no judgment regularly rendered against any, until all are before the court. Were the judgment required to be rendered in the scire facias the same that should regularly be rendered in an action of debt upon a bond, there would certainly be much plausibility in the idea suggested. Nothing is more clear, at common law, than that in an action of debt upon a joint and several obligation, the judgment must conform to the action, so as to require in a joint action against several, a judgment against all, and to forbid, after a continuance as to one, a trial and judgment against the others. But there is an essential difference between the sort of judgment to be rendered in an action of debt against several, upon a joint and several obligation, and that which should regularly be given in the scire facias upon the recognizance in this case. Though the scire facias is against the appellants and Richard Steers jointly, its object is to have exccution *131 according to the form and effect of the recognizance, which is in its nature several as to Richard Steers. It is true, the recognizance recited in the scire facias, purports to be an acknowledgment by the appellants and Richard Steers jointly, of their being indebted to the Commonwealth one hundred and fifty dollars, but after containing that acknowledgment, it proceeds with the following statement, to-wit: “that is, the said Richard Steers in the sum of seventy five dollars, and the said Benjamin Fowler, Chasteen Scott, &c. (the appellants,) in the sum of seventy-five, dollars;" thereby, in effect, making the joint acknowledgment by all, several as to Richard Steers. Upon such a recognizance, therefore, the scire facias though, as it was proper to be, is against all jointly; the execution, which it is the object of the scire facias to have, should be several as to Richard Steers, and of course, the judgment which should regularly be rendered for execution ought to conform to the execution, and be several also.
Judgment on a scire facias that the plaintiff recover, instead of have execution, is informal, but not erroneous.
Hence we infer, that the court below was not incorrect in proceeding to render judgment against the appellants after the cause as to Richard Steers was continued.
The next objection involves an enquiry into the judgment, which was rendered against the appellants.
Upon this branch of the case, we have no doubt the judgment ought regularly to have been, that the Commonwealth have execution &c., and not as entered, that she recover of the appellants the sum pf seventy-five dollars. But as the effect against the appellants would, we apprehend, be the same, whether judgment be to recover seventy-five dollars, or to have execution thereof, the inaccuracy in entering the judgment must be considered as matter of form only, and not an error of which the appellants have any cause to complain, or for which the judgment should be reversed.
Various other objections were taken by the assignment of errors, but as we conceive that, by appearing and pleading to the scire facias, all of them *132 have been either waived by the appellants, or cured by the decision of the court upon the plea of nul tiel record, we have not deemed it necessary or proper to go into a particular examination of them.
Mayes, for plaintiff; Denny, attorney general for defendant.
The judgment must, therefore, be affirmed with cost.